HARRIS, Chief Judge.
The issue on appeal concerns the trial court’s refusal to award attorney’s fees to the prevailing party under a contract claim.
On March 28, 1990, Appellant Abert Ara-na (the Buyer) and Appellees Thomas and Rhonda Hutchison (the Sellers) entered into a contract and addenda for the purchase and sale of a home the Hutchisons owned. The contract provided that the Buyer would put *565 down an initial deposit of $22,000 upon the signing of the contract and an additional $20,000 two months later. The Buyer signed the contract and delivered it and the initial deposit to the Sellers.[1] The Buyer was given two years from the date of execution of the contract to secure financing for the remaining $120,000. The contract was conditioned upon the Buyer obtaining a written commitment for a loan within that period. During this two-year period, the Buyer agreed to pay $1250 per month for the first twelve months with an upward adjustment of the payments in the final twelve months to reflect any changes in taxes. The Buyer fully complied with the contract by making the additional deposit and all monthly payments.
In August, 1990, the parties met with the Buyer’s lawyer who suggested that the parties execute an agreement for deed which reflected the terms upon which they had agreed. On August 80, 1990, the Buyer’s lawyer sent a copy of the proposed agreement for deed to the Sellers’ lawyer, requesting that he contact the Buyer’s lawyer with any alterations, corrections or adjustments he felt necessary. Neither the Sellers nor their attorney responded. On December 4 and 27, 1990, the Buyer’s lawyer sent two more letters requesting some sort of response. Yet another letter was sent in January, 1991 asking that the agreement for deed be executed; the Sellers never executed the new agreement nor did they provide the Buyer with a fully executed copy of the original contract.
On March 30, 1992, two days after the expiration of the two-year period within which the Buyer was to obtain a commitment from a lending institution, counsel for the Buyer sent a certified letter to the Sellers in which he enclosed a copy of a document from a lending institution entitled “Contingent Approval.” The document indicated that the Buyer could obtain financing if he provided, among other requirements, a signed copy of the contract for sale. The contingent approval was dated March 26, 1992 (which was within the two-year period). The Buyer’s counsel demanded a copy of the executed contract so that the mortgage application could be processed and threatened litigation if a copy was not received by April 3, 1992.
On April 2, 1992, the Seller wrote to the Buyer’s counsel and informed him that he had no current contract because the contract the parties entered into on March 28, 1990 had expired on March 28,1992. Because the Seller did not receive the contingent loan approval until March 31, 1992, he considered the Buyer’s contingent approval to be outside the contract period.
The Buyer filed suit for specific performance of the contract, declaratory judgment that the rights and duties of the parties were governed by the contract, breach of contract because the Sellers failed to make certain agreed upon improvements to the property, and tortious interference with the Buyer’s loan approval from the lending institution. The tortious interference claim alleged that the Buyer lost his approval due to various actions on the part of the Sellers.
In their answer, the Sellers admitted that they entered into a written contract with the Buyer for the sale and purchase of the subject property, and referred specifically to the copy which was attached to the complaint as Exhibit A. The Sellers also raised several affirmative defenses, among them that the Buyer was not entitled to specific performance because there was no valid, existing contract at the time he attempted to exercise his option to purchase and that the Buyer was not entitled to declaratory judgment regarding the validity of the contract because the Sellers had never denied the existence of the contract and the Buyer’s rights thereunder were not in doubt.
Prior to trial, the parties filed a pretrial joint stipulation in which the Sellers expressly admitted that the contract for sale and purchase with addenda was the operative and binding agreement between the parties.
*566 The trial court then rendered its final judgment[2] in which it found that the parties orally contracted[3] for the purchase and sale of the premises; that the Buyer signed the contract and addenda, took possession, paid the Seller $58,500 and otherwise complied with the terms of the contract; and that the Sellers never delivered to the Buyer the executed contract. The court further found that the Buyer was unable to obtain the financing within the time period specified in the contract because of the Seller’s failure to deliver a fully executed copy of the contract.
The court then held that the Buyer was entitled to specific performance, ordered the Sellers to execute a copy of the contract and deliver same to the Buyer, and that the date of this delivery would be the effective date of the contract. All provisions of the contract were to “remain” binding in relation to this date. The Buyer was also awarded $2500 due to the Sellers’ failure to perform certain repairs agreed upon in the contract. Finally, the court held that each party was to bear their own attorney’s fees.
The Buyer filed a motion for rehearing as to the attorney’s fees issue, arguing that a contract existed which contained a prevailing party attorney’s fee provision. ' The court denied the motion, and this timely appeal followed. We reverse.
The Buyer contends that he was entitled to attorney’s fees as the prevailing party in an action for specific performance of a contract because the contract so provides. The Seller responds that the court found only an oral contract existed because no fully executed copy of the contract was ever produced. But the validity of the written proposal which the court found to be orally accepted has never been contested. In fact, it has been consistently admitted to be valid. The trial court found:
The [Sellers] shall forthwith properly execute a copy of the Contract for Sale and Purchase and Addenda that was admitted in evidence as Exhibit # 1 and deliver said document to the [Buyer]. The date of delivery of said fully executed document is the effective date referred to in paragraphs III and TV of the Contract and all provisions of the Contract remain binding and in relation to this date, (emphasis added).
Paragraph III of the contract provides that the effective date will be the date when the last one of the Buyer and the Seller has signed the contract — a time when the contract would normally become a binding agreement. Since the agreement is conceded to be a binding agreement, this provision has little present significance. Paragraph IV, however, gives the Buyer two years from the “effective date” to obtain financing.
It is clear that the parties considered the contract effective from the date it was originally delivered to the Sellers; deposits were paid and monthly payments were made. Indeed, it is because the contract was “effective” prior to the lawsuit that specific performance was justified. Had the written proposal not been binding on the Sellers, there would have been no basis to order them to sign it.
The court apparently believed that the attorney’s fees provision of the contract would be inapplicable if it required the Sellers to finally execute the contract. But that ignores the fact that the Buyer prevailed under his claim for specific performance of the contract. He sued on the contract and he prevailed in his action. He is entitled to an award of attorney’s fees.
REVERSED and REMANDED.
DAUKSCH and THOMPSON, JJ., concur.

. Even though a signed contract was never delivered to the Buyer, the Sellers have consistently admitted the validity of the agreement and only urge that the Buyer did not timely comply with his obligation under the contract.

. This case was partially tried to a jury. In response to interrogatory verdicts, the jury found 1) that a fully executed copy of the agreement was never delivered to the Buyer and 2) that the parties never acted as if an executed copy of the agreement had been delivered to the Buyer. The value of the jury’s findings as to these uncontested factual matters is questionable. Again, there has never been an issue as to the validity of the contract relied on by the Buyer.

. It would be more accurate under the evidence in this case to say that the Sellers orally accepted a written offer.